## Case No. 547.

ARMSTRONG v. The RYDESDALE.

[Betts' Scr. Bk. 684.]

District Court, S. D. New York. April 3, 1862.

FOREIGN SEAMEN—WAGES—JURISDICTION OF DISTRICT COURT—PLEADING—SECURITY FOR COSTS.

[1. On libel against a vessel for wages, an affidavit of a person representing himself as her agent, that she is a foreign vessel, will not overcome the oath of the libellant that she is an American vessel, so as to entitle the claimant to a dismissal of the libel.]

[2. The district court may, in its discretion, take cognizance of such suits by foreign seamen against foreign masters or owners or the foreign vessel itself, if the service has terminated or the contract does not stipulate against its enforcement in a foreign jurisdiction.]

[In admiralty. Libel by Robert Armstrong against the brig Rydesdale for seaman's wages. The agent of the brig moves to dismiss the libel for want of jurisdiction. Denied.]

The libel alleged that the vessel was an American vessel, and that the libellant served on board from July 25 to Dec. 6, when he was discharged, leaving $32 wages due and unpaid, but it did not say where he was discharged, nor that he was an American seaman. On that libel, process of attachment issued against the vessel. An application was made, on the affidavit of a person representing himself to be an agent and consignee of the vessel, that she was not an American, but a British, vessel, that the court dismiss the libel, as out of its jurisdiction, and also because the libellant gave no stipulation for costs before instituting the suit.

Mr. Hart, for libellant.

Judge Beebe, for claimant.

BETTS, District Judge. The motion cannot prevail for either of those causes. The affidavit of the agent does not countervail or displace the oath of the libellant, that the vessel is an American vessel. The jurisdiction of the court does not depend upon the nationality of the vessel. The court may, in its discretion, take cognizance of such suits brought by foreign seamen against foreign masters or owners, and under urgent circumstances, against the foreign vessel itself, if the service has terminated or the contract does not stipulate that it shall not be enforced within a foreign jurisdiction. The proceeding might have been disregarded by the libellant because the notice of motion was not given in the name of any proctor of the court, and because no claimant is before the court. But on the papers, and on the concession of the libellant's counsel, that he is a foreigner, there is prima facie reason for an order that he file security for costs, or show cause why he should be excused from so doing. Order accordingly.

========

ARMSTRONG, (TOLER v.) See Case No. 14,078.

ARMSTRONG, (UNITED STATES v.) See Cases Nos. 14,467 and 14,468.